IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NATALIE AMOS, On Behalf of HERSELF and All Others Similarly Situated, <br><br> *Plaintiff*, <br> v. <br><br> LINCOLN PROPERTY COMPANY, <br><br> *Defendant*. | COLLECTIVE ACTION <br><br> CASE NO. _____ <br><br> JUDGE _____ |

## COLLECTIVE ACTION COMPLAINT

1. Plaintiff, Natalie Amos, brings this Fair Labor Standards Act ("FLSA") collective action lawsuit against Lincoln Property Company ("Defendant") on behalf of herself and all similarly situated individuals, pursuant to 29 U.S.C. § 216(b). Plaintiff alleges that she and similarly situated current and former employees of Defendant regularly worked more than 40 hours per week without receiving overtime pay, in violation of the FLSA.

### I. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims because they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to 28 U.S.C. § 1331.

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant resides in this judicial district and because the claims arose in this judicial district.

### II. PARTIES

4. Plaintiff Natalie Amos is a resident of Nashville, Davidson County, Tennessee, is over the age of nineteen (19), and is a former employee of Defendant.

5. Plaintiff worked for Defendant from in or around September 2014 until in or

around November 2016. Plaintiff worked as a leasing agent for Defendant through a temporary staffing agency from approximately September 2014 until approximately January 2015, when she was hired directly by Defendant as a leasing agent. In or around June 2015, Plaintiff was promoted to the position of "Business Manager" at Gale Lofts, a residential property managed by Defendant in Nashville, Tennessee.

6. Defendant Lincoln Property Company is a Texas corporation that is headquartered at 2000 McKinney Avenue, Suite 1000, Dallas, Texas 75201. Defendant develops, owns, and manages commercial and residential properties across the United States in at least 29 states, including properties in Tennessee, as well as properties in Mexico and Europe.

7. Defendant employs individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce or are engaged in handling, receiving, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce. As such, Defendant is covered by the FLSA.

### III. FACTS

8. Plaintiff was employed by Defendant as the Business Manager of Gale Lofts in Nashville, Tennessee from in or around June 2015 until the end of her employment in or around November 2016.

9. As a Business Manager, Plaintiff never directed the work of two full-time employees or the equivalent.

10. Defendant misclassified Plaintiff and other similarly situated Business Managers who did not direct the work of two full-time employees or the equivalent as exempt from the overtime provisions of the FLSA. Instead of paying them by the hour, including overtime, Defendant paid them a set salary each week regardless of the number of hours worked.

11. Plaintiff's salary was approximately $49,600. Plaintiff and other Business Managers also received commissions for new leases and lease renewals and a non-discretionary quarterly bonus based on the property's financial performance relative to the property's budget.

12. Plaintiff routinely worked more than 40 hours in a workweek. Plaintiff's responsibilities as Business Manager included, but were not limited to: (a) taking and returning calls from potential residents, residents, management, and third-party vendors and other businesses; (b) responding to emails from potential residents, residents, management, and third-party vendors and other businesses; (c) creating monthly owner's reports, which included monthly financial reports; (d) offering tours of apartment units to potential residents; (e) negotiating and signing leases and lease renewals; (f) paying monthly bills of the property (*e.g.*, invoices from vendors, utilities, etc.); (g) processing work orders and responding to resident problems and complaints; (h) handling new resident move-ins and resident move-outs, including on weekends; and (i) being present in the office for regularly scheduled office hours at Gale Lofts from 8:30 a.m. to 5:30 p.m., Monday through Friday. Plaintiff performed and was expected by Defendant to perform the responsibilities listed above before, during, and after office hours, as well as on weekends.

13. Defendant did not record the number of hours Plaintiff and other Business Managers worked each week and did not pay Plaintiff and other Business Managers any overtime pay at one and one-half times their regular hourly rates.

14. Defendant's failure to pay Plaintiff and other similarly situated Business Managers overtime pay for hours over 40 in a week violated the FLSA because Plaintiff and other similarly situated Business Managers are not exempt from the overtime provisions of the FLSA.

15. Therefore, Defendant's policy of not paying Plaintiff and other similarly situated Business Managers any overtime premiums violates the law.

## IV. COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff asserts her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following potential opt-in plaintiffs:

> All Business Managers currently or formerly employed by Defendant at any time since January 10, 2014, who did not direct the work of two or more full-time employees or the equivalent in at least one workweek.

17. Plaintiff and the putative members of this collective action are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, among other things: (1) Defendant did not pay Plaintiff and the potential opt-in plaintiffs overtime when they worked more than 40 hours per week; and (2) Defendant misclassified Plaintiff and the potential opt-in plaintiffs as exempt from the overtime provisions of the FLSA.

18. Virtually all of the legal and factual issues that will arise in litigating the collective claims are common to Plaintiff and those she seeks to represent. These issues include (1) whether Plaintiff and the potential opt-in plaintiffs are eligible to receive overtime compensation under the FLSA; and (2) whether Defendant has actually paid Plaintiff and the potential opt-in plaintiffs overtime at one and one-half time their regular rates for hours over 40.

## V. CAUSE OF ACTION – FAILURE TO PAY OVERTIME

19. All previous paragraphs are incorporated as though fully set forth herein.

20. Plaintiff and the potential opt-in plaintiffs are employees entitled to the FLSA's protections.

21. Plaintiff and the potential opt-in plaintiffs are not exempt from receiving FLSA overtime benefits because they are not "executive," "administrative," or "professional"

employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

22. Defendant is an employer covered by the FLSA.

23. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay, including commissions and bonuses. *See* 29 U.S.C. § 207; 29 C.F.R. §§ 778.100–.122, 778.208–.215.

24. Defendant has violated the FLSA by failing to compensate Plaintiff and the potential opt-in plaintiffs for all hours above 40 worked in a workweek at a rate equal to or above one and one-half times the regular rate of pay for that week, including commissions and bonuses.

25. In violation of the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

26. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff is entitled to reimbursement for her costs and attorneys' fees if she is successful in prosecuting this action for unpaid overtime wages.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all potential members of the collective action;

C. A finding that Defendant has violated the FLSA;

D. A finding that Defendant's wage and hour violations have been willful;

E. A judgment against Defendant and in favor of Plaintiff and those she seeks to

represent, for compensation for all unpaid and underpaid wages that Defendant has failed and refused to pay in violation of the FLSA;

F. Prejudgment interest to the fullest extent permitted under the law;

G. Liquidated damages to the fullest extent permitted under the FLSA;

H. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and Federal Rule of Civil Procedure 54(d); and,

I. Such other and further relief as this Court deems just and proper in equity and under the law.

Date: January 10, 2017 

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (TN Bar No. 24968)**
**TIMOTHY L. MILES (TN Bar No. 21605)**
**JOSHUA A. FRANK (TN Bar No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
tmiles@barrettjohnston.com
jfrank@barrettjohnston.com