IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NATALIE AMOS, On Behalf of HERSELF and All Others Similarly Situated,<br>    Plaintiff,<br><br>v.<br><br>LINCOLN PROPERTY COMPANY,<br>    Defendant. | COLLECTIVE ACTION<br><br>Civil Action No. 3:17-cv-0037<br><br>Judge Aleta A. Trauger |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR CONDITIONAL CERTIFICATION**

Defendant Lincoln Property Company ("LPC")[1] files this Response to Plaintiff's Motion for Conditional Certification.

## I. FACTUAL BACKGROUND

LPC, through its various affiliates, including Lincoln Apartment Management Limited Partnership ("LAM"), manages residential properties nationwide, including the Gale Lofts apartment complex in Nashville, Tennessee. Plaintiff Natalie Amos ("Plaintiff") was employed by LAM as a leasing agent and later as a business manager from January 8, 2015 until November 6, 2016. *See* Declaration of Lynn Fetzer, attached as Ex. A to Defendant's Motion to Compel Arbitration. During her employment, Plaintiff was provided with Lincoln's Employment Handbook, which on the first page, in bold, states:

> **This Employee Handbook does, however, contain a binding Arbitration Agreement between you and Lincoln. Please review the Arbitration Policy carefully and understand that … your continued employment with Lincoln will acknowledge and confirm your agreement to binding arbitration as set forth in the Arbitration Policy . . . .**

---

[1] As noted in its original answer, Lincoln Property Company is not a proper party to this case. Lincoln Property Company has no employees and never employed the Plaintiff. Plaintiff's employer during the relevant time period was Lincoln Apartment Management Limited Partnership.

In exchange for employment, Plaintiff and LPC agreed that any claims or causes of action arising out of the employment will be determined exclusively by final and binding arbitration. The actual Arbitration Policy, which is located later in the Handbook, expressly covers any claims under the Fair Labor Standards Act. Ex. A-1 at 44. In agreeing to be bound by the Arbitration Policy, Plaintiff and LPC preserved all of their substantive rights, chose a neutral forum in which to resolve their disputes, and agreed to waive any right to a jury trial. *Id.* at 45.

Despite having direct knowledge of the Arbitration Policy, on January 10, 2017, Plaintiff filed her Collective Action Complaint against LPC alleging violations of the Fair Labor Standards Act ("FLSA") on behalf of herself and all similarly situated individuals with this Court. Ex. A. at ¶¶ 4, 5. On May 5, 2017, Defendant filed its Motion to Compel Arbitration and Stay Proceedings. That motion has been fully briefed and is ripe for adjudication.

On May 26, 2017, Plaintiff filed her Motion for Conditional Certification. The only evidence filed in support of Plaintiff's Motion is her own declaration that consists of vague and conclusory allegations of a widespread violation of the FLSA by LPC.

## II. ARGUMENT AND AUTHORITIES

A. Plaintiff's Motion for Conditional Certification is Premature.

Plaintiff's Motion for Conditional Certification is premature because the Court has yet to rule on LPC's pending Motion to Compel Arbitration. The Motion to Compel is fully briefed and ripe for adjudication by the Court. The success of such motion would render the Motion for Conditional Certification moot as Plaintiff, the only named plaintiff in this case, would be required to arbitrate her claims. 9 U.S.C. § 3; *See Sittner v. Country Club, Inc.,* 4:25-CV-05043-RBH (D.S.C. Jul. 13, 2016) (order granting defendant's motion to compel arbitration and staying litigation pending the outcome of the arbitration with named plaintiff in FLSA collective action).

Thus, ruling on LPC's Motion to Compel first will conserve judicial resources. Moreover, ruling on LPC's Motion to Compel prior to the Motion for Conditional Certification will alleviate the risk of confusion to any potential opt-in plaintiffs. If notice is sent to Plaintiff's proposed class and class members opt-in, and then the Court orders Plaintiff arbitrate her claims, what happens to the opt-in plaintiffs becomes unclear. *See Adkins v. Labor Ready, Inc.,* 303 F.3d 496 (4th Cir. 2002). At that point, Plaintiff would no longer be a proper named plaintiff. *Id.* Accordingly, LPC requests the Court defer any ruling on Plaintiff's Motion for Conditional Certification until after the Court rules on LPC's Motion to Compel.

    B.    <u>The Plaintiff's Motion is Deficient in Identifying Any Similarly Situated Individuals Who Would Join the Suit</u>

Regardless of which motion the Court rules on first, the Court should deny Plaintiff's Motion for Conditional Certification because Plaintiff has failed to meet her burden at this initial stage.

The FLSA allows a plaintiff to maintain an action on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The determination of whether there are "similarly situated" employees is within the trial court's discretion. *See Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995). Courts typically apply the two-stage certification process established in *Lusardi v. Xerox Corp.,* 118 F.R.D. 351 (D.N.J. 1987):

> (1)    the "notice stage," when the Court determines, based on the pleadings and any accompanying affidavits and before the parties have conducted substantive discovery, whether to conditionally certify the class and issue notice to potential class members; followed by;
>
> (2)    the "decertification stage," after the discovery has been largely completed and the defendant has filed a motion to decertify, when the court conducts a fact-intensive review to determine if the claimants are similarly situated.

However, "the power to authorize notice must be exercised with discretion and only in appropriate cases." *Haynes v. Singer Co.*, 696 F.2d 884, 886 (11th Cir. 1983). Courts have a responsibility to avoid the stirring up of litigation through unwarranted solicitation. *Medina v. Alicia's Mexican Grille Inc.*, 2016 WL 3226170, at *4 (S.D. Tex. June 13, 2016).

Plaintiff's burden at the "notice stage" is neither *perfunctory* nor *negligible*, and he is obligated to provide substantial allegations, supported by at least some competent evidence, about intentional and widespread FLSA non-compliance. Where (as here) a plaintiff provides no more than bare allegations and offers global conjecture, conditional certification must be denied. As one district court explained:

> This Court concludes that the better reasoned cases require the plaintiff to make a preliminary factual showing that a similarly situated group of potential plaintiffs exists. The rationale of the *Severtson* [*v. Phillips Beverage Co.*, 137 F.R.D. 264 (D. Minn. 1991)] court is persuasive: 'As a matter of sound case management, a court should, before offering to assist plaintiff in locating additional plaintiffs, make a preliminary inquiry as to whether a manageable class exists . . . . The courts, as well as practicing attorneys, have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation.' *Severtson*, 137 F.R.D. at 266-67. Furthermore, an employer should not be unduly burdened by a frivolous fishing expedition conducted by a plaintiff at the employer's expense.

*D'Anna v. M/A-COM, Inc.,* 903 F. Supp. 889, 893-94 (D. Md. 1995); *see also Baum v. Shoney's, Inc.*, 1998 WL 968390, at *2 (M.D. Fla. Dec. 3, 1998) ("Plaintiffs assert that the allegations in their Complaint are sufficient to demonstrate the existence of other potential class members who are similarly situated. This assertion is a misstatement and misunderstanding of the law.")

At the first step of certification, the plaintiff bears the burden of showing that the employees in the class are "similarly situated." *Comer v. Wal–Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). While the standard at this notice stage is "fairly lenient," most courts have still required plaintiffs to produce a factual basis for the allegation of class-wide FLSA

violations. *Lewis v. Huntington Nat. Bank*, 789 F. Supp. 2d 863, 868 (S.D. Ohio 2011). Factors that guide a district court's consideration of conditional certification at this stage include: (1) whether potential plaintiffs were identified; (2) whether affidavits of potential plaintiffs were submitted; and (3) whether there is evidence that defendants maintained a widespread discriminatory plan affecting those plaintiffs. *See Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015); *Evans v. Caregivers, Inc.*, 3:17-CV-0402, 2017 WL 2212977, at *5 (M.D. Tenn. May 19, 2017).

All three factors, in this case, weigh in favor of denying conditional certification. Plaintiff has: (1) not identified a single potential plaintiff by name; (2) not provided a single affidavit by a potential plaintiff; and (3) not provided the Court any evidence of a widespread discriminatory plan. At the initial notice stage, plaintiffs must provide substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination. *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 707 (N.D. Tex. 2008). At this stage, plaintiffs should be able to identify potential plaintiffs, "submit affidavits of potential plaintiffs," and show evidence of "a widespread discriminatory plan." *Id* at 707; *Olivo v. GMAC Mortg. Corp.*, 374 F. Supp. 2d 545, 548, 551 (E.D. Mich. 2004) (plaintiff who did not submit any affidavits of potential plaintiffs and only relied on deposition testimony of an employee of defendant did not meet its burden under the first step of certification); *Haynes v. Singer Co., Inc.*, 696 F.2d 884 (11th Cir.1983) (unsupported assertions of widespread FLSA violations did not satisfy the movant's § 216(b) burden). The only evidence purportedly supporting Plaintiff's motion is her own three-page declaration that consists of vague and conclusory statements and does not provide any specific details to show her personal knowledge of the employment structure or payment policy applicable to other LPC business managers.

Moreover, Plaintiff's purported "communications" with employees at other LPC properties do not form the basis for demonstrating to this Court that similarly situated employees exist. Cloaking conclusory statements in alleged "conversations" with other employees does not suffice to show that similarly situated employees exist. Such statements are "vague, conclusory, and insufficient evidence." *Stiles v. FFE Transp. Services, Inc.*, CIV.A.309-CV-1535-B, 2010 WL 935469, at *3 (N.D. Tex. Mar. 15, 2010) (finding conclusory those statements beginning with "from my experience and conversations with other employees). In this case, Plaintiff does not even identify the other LPC employees with which she supposedly discussed LPC pay practices. She just names two other apartment complexes – 12 South Flats and Acken Flats – which could be identified through an internet search.

Moreover, Plaintiff made no showing that any employees desire to join the suit. A plaintiff must do more than show the mere existence of other similarly situated persons (which Plaintiff has not done), because there is no guarantee that those persons will actually seek to join the lawsuit. *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007). Plaintiff has not identified anyone who may be interested in joining this lawsuit. The Court should dismiss the potential Plaintiff's Motion for Certification in similar fashion to other courts which have denied condition certification for the same lack of interest.

All of these factors serve to answer a primary question: whether Plaintiff has pled facts based on personal knowledge that employees similarly situated have faced the same conditions Plaintiff has and want to join this suit. There is simply nothing in these allegations that meets that standard. Consequently, the Court should deny the potential Plaintiff's Motion for Certification.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION**     **PAGE 6**
Case 3:17-cv-00037   Document 36   Filed 06/09/17   Page 6 of 8 PageID #: 434

## III. CONCLUSION AND PRAYER

Defendant Lincoln Property Company respectfully requests that this Court grant its pending Motion to Compel Arbitration. In the alternative, Defendant requests that the Court deny Plaintiff's Motion for Conditional Certification. If the Court determines that the Plaintiff's Motion for Conditional Certification should be granted, Defendant respectfully requests that the Court limit the Conditional Certification to those employees who were similarly situated as Plaintiff.

Dated: June 9, 2017.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

*/s/ Mark A. Shoffner*
Jay M. Wallace, Texas Bar No. 20769200
(admitted *pro hac vice*)
jwallace@bellnunnally.com
Mark A. Shoffner, Texas Bar No. 24037490
(admitted *pro hac vice*)
mshoffner@bellnunnally.com

3232 McKinney Avenue, Suite 1400
Dallas, TX 75204
Tel: 214-740-1400
Fax: 214-740-1499

**DICKINSON WRIGHT**

M. Reid Estes, Jr., #9043
Joshua L. Burgener #29077
424 Church St., Suite 1401
Nashville, TN 37219
Tel: 615-244-6538
Direct: 615/620-1737
Fax: 844-670-6009

**ATTORNEYS FOR DEFENDANT
LINCOLN PROPERTY COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via the Court's electronic case filing system, upon the following counsel of record on June 9, 2017:

David W. Garrison
Joshua A. Frank
Timothy L. Miles
Barrett Johnston Martin & Garrison, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219

*/s/ Mark A. Shoffner*
Mark A. Shoffner

3311143_1.docx.