UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NATALIE AMOS, on behalf of herself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) ) LINCOLN PROPERTY COMPANY, ) ) Defendant. ) | Civil No. 3:17-cv-37 Judge Aleta A. Trauger |

## MEMORANDUM & ORDER

The plaintiff has filed a Motion for Conditional Certification and for the Issuance of Court-Supervised Notice (Docket No. 28), to which the defendant has filed a Response (Docket No. 36), and the plaintiff has filed a Reply (Docket No. 40). For the reasons stated herein, the motion will be granted in part and denied in part.

## BACKGROUND & PROCEDURAL HISTORY

Lincoln Property Company ("Lincoln") is a Texas corporation that manages residential properties nationwide, including the Gale Lofts apartment complex in Nashville, Tennessee. (Docket No. 1 ¶¶ 5–6.) The plaintiff, Natalie Amos, was employed as a leasing agent – and, later, business manager – at the Gale Lofts complex from January of 2015 to November of 2016. (*Id.* ¶ 8.) On January 10, 2017, Ms. Amos filed this action pursuant to § 216(b) of the Fair Labor Standards Act ("FLSA") on behalf of herself and other business managers, alleging that Lincoln misclassified its business managers as exempt from the FLSA's overtime wage provisions and, therefore, failed to pay them the required overtime rate when they worked over 40 hours in a workweek. (*Id.* at ¶¶ 8–16.) On February 7, 2017, Lincoln filed an Answer in which it argues

1

that Ms. Amos was exempt from the FLSA's provisions because she was employed in a *bona fide* administrative and executive capacity. (Docket No. 8 ¶ 31.)

On May 26, 2017, Ms. Amos filed the instant motion (Docket No. 28), accompanied by a supporting Memorandum (Docket No. 29) and a Proposed Notice and Consent Form (Docket Nos. 29-1 & 29-2). Ms. Amos seeks conditional certification of this matter on behalf of:

> All individuals who, during any time since January 10, 2014, have been employed as Business Managers at a property managed by [Lincoln] who did not direct the work of two or more full-time employees or the equivalent in at least one workweek.

(Docket No. 28, p. 1.) Ms. Amos also requests that the court (1) require Lincoln, within 14 days of entry of an order conditionally certifying the class, to provide her with the names, last known mailing addresses, and email addresses for all potential class members; and (2) direct the issuance of her Proposed Notice and Consent Form to all potential class members by U.S. mail. (Docket No. 28-1 (Proposed Order).) In the Memorandum, Ms. Amos argues that conditional certification of a class consisting of current and former business managers is appropriate because these individuals are "similarly situated" to Mr. Amos, in that they all suffered from the same FLSA-violating pay practice and policy. (Docket No. 29, pp. 8–9.) Specifically, these other business managers "never directed the work of two full-time employees" and did not, therefore, qualify as *bona fide* executives who are exempt from the FLSA, and they were not paid overtime at one-and-a-half times their regular rate of pay when they worked more than 40 hours in a workweek. (Docket No. 28, pp. 1–2.)

As support for her argument that Lincoln misclassified its business managers as exempt from the FLSA to avoid paying them overtime wages, Mr. Amos submits a declaration describing her employment and compensation as a business manager at the Gale Lofts complex. (Docket No. 30.) As a business manager, Ms. Amos was responsible for managing

2

communications with current and potential tenants, processing work orders, and managing move-in and move-out processes. (*Id.* ¶ 6.) According to Ms. Amos, there was "only one other full time employee who worked at Gale Lofts with [her], a Maintenance Supervisor." (*Id.* ¶ 4.) Ms. Amos was not only expected to be present for regularly scheduled office hours from 8:30 a.m. to 5:30 p.m. on weekdays, but also to fulfill her duties before and after those regularly scheduled office hours and on the weekends. (*Id.* ¶ 6.) Nonetheless, despite the fact that she routinely worked more than 40 hours per workweek, Ms. Amos alleges that she was never paid for the additional hours, let alone at a rate of one-and-one-half times her normal hourly rate. (*Id.* ¶ 3.) According to Ms. Amos, other business managers were similarly misclassified by Lincoln as exempt from the provisions of the FLSA and, therefore, never paid required overtime wages. Ms. Amos represents that she personally visited and "regularly communicated" with business managers at other Lincoln properties, including 12 South Flats and Acklen Flats. (*Id.* ¶ 8.) Based on those visits and conversations, she represents that other business managers "also did not have two other full-time employees working on their properties" and were "expected to work in excess of 40 hours in a work week" without being paid overtime wages. (*Id.* ¶¶ 8–9.)

On June 9, 2017, Lincoln filed a Response to the pending motion (Docket No. 36), which does not raise any objection to the form and content of Ms. Amos's Proposed Notice and Consent Form or any of the notice procedures requested by Ms. Amos. Rather, the Response argues that Ms. Amos is not entitled to conditional certification of a class of current and former business managers because she has failed to (1) identify any other potential plaintiff by name, (2) provide any affidavit from a potential plaintiff, or (3) provide the court with "any evidence of a widespread discriminatory plan." (*Id.* at p. 5.) Lincoln further argues that "[t]he only evidence purportedly supporting [Ms. Amos]'s motion is her own three-page declaration that consists of

3

vague and conclusory statements," which does not provide "any specific details to show her personal knowledge of the employment structure or payment policy applicable to other [Lincoln] business managers." (*Id.*) Lincoln acknowledges that Ms. Amos claims to have visited and communicated with business managers at other Lincoln properties, but the company argues that this proof is merely "vague, conclusory, and insufficient evidence" that does not – as a matter of law – support conditional certification. (*Id.* at p. 6 (quoting *Stiles v. FFE Transp. Servs., Inc.*, No. 3:09-cv-1535, 2010 WL 935469, at *3 (N.D. Tex. Mar. 15, 2010)).)[1]

With leave of the court, Ms. Amos filed a Reply in support of her motion, arguing that, "under the clear precedent within this Circuit," she had satisfied her burden of providing a "modest factual showing" that she and other business managers were "similarly situated." (Docket No. 40, p. 1 (quoting *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2007)).) Ms. Amos contends that, in arguing that she is required to provide the identities and affidavits of potential plaintiffs, Lincoln "attempts to import conditional certification requirements that simply do not exist within this district." (*Id.* at pp. 4.) Moreover, Ms. Amos argues, the Employee Handbook submitted by Lincoln in support of an earlier motion explicitly lists business managers as "supervisors" and states that "immediate *supervisors* . . . are classified as exempt" from the FLSA. (*Id.* at p. 6 (quoting Docket No. 21 (Ex. A – Employee Handbook), pp. 10, 41 (emphasis added)).) With this evidence, Ms. Amos argues that she has met the "fairly lenient standard" for conditional certification and that the court should authorize the issuance of notice to potential class members. (*Id.* at p. 7.)

---

[1] The Response also argues that Ms. Amos's Motion for Conditional Certification is premature because, at the time it was filed, the court had yet to rule on Lincoln's earlier-filed Motion to Compel Arbitration of Ms. Amos's claims. (Docket No. 36, pp. 2–3.) In the month since Lincoln filed its Response, however, the court denied the Motion to Compel Arbitration (Docket No. 42), and Lincoln's argument that conditional certification is premature is now moot.

4

## **STANDARD FOR CONDITIONAL CERTIFICATION**

The FLSA provides that a collective action "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Because the statute only requires that employees be "similarly situated," plaintiffs seeking to certify a collective action under the FLSA face a lower burden than those seeking to certify a class action under Federal Rule of Civil Procedure 23. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). Once a collective action is certified, however, employees seeking to join the class must opt into the litigation by filing a written consent with the court. 29 U.S.C. § 216(b).

The FLSA does not define the term "similarly situated." The Sixth Circuit, however, has held that "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *Gunn v. NPC Int'l, Inc.*, 625 F. App'x 261, 267 (6th Cir. 2015) (quoting *O'Brien*, 575 F.3d at 585). Employees may also be similarly situated if their claims are merely "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Monroe v. FTS USA, LLC*, 815 F.3d 1000, 1009 (6th Cir. 2016) (quoting *O'Brien*, 575 F.3d at 585).

## **ANALYSIS**

### I. **Conditional Certification**

Ms. Amos has provided sufficient factual support to demonstrate that conditional certification of her FLSA claim is appropriate. As Ms. Amos correctly notes, her request for conditional certification is subject to the standard that applies at the initial notice stage of a

5

collective action under the FLSA, which requires only that she make a "modest factual showing" demonstrating that she and potential class members are "similarly situated." (Docket No. 40, p. 1.) The Sixth Circuit has repeatedly recognized that this standard is "fairly lenient" and "typically results in 'conditional certification' of a representative class." *Comer*, 454 F.3d at 547 (quoting *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)). Moreover, it is important to note that "certification is conditional and by no means final" at the initial notice stage, and a plaintiff must show only that "his position is similar, not identical, to the positions held by the putative class members" to justify certification. *Id.* at 546–47 (quoting *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)).

Ms. Amos has provided sufficient factual support to demonstrate that she and other business managers suffered from a single, FLSA-violating policy whereby Lincoln misclassified business managers as executives who were exempt from the FLSA's overtime wage provisions. Ms. Amos has submitted her own declaration stating that, as a business manager at the Gale Lofts complex, she never supervised more than one full-time employee and routinely worked more than 40 hours per workweek. Nevertheless, according to Ms. Amos's declaration, she was paid a set salary every week and was never paid for her additional time when she worked more than 40 hours in a workweek. In addition to her own experience with Lincoln's pay practices, Ms. Amos states that she personally visited and "regularly communicated"[2] with business managers at other Lincoln properties. (Docket No. 30 ¶ 8.) Based on these visits and

---

[2] These statements are arguably hearsay but, at the conditional certification stage, "the [c]ourt is not concerned with the admissibility of evidence; rather, it looks for 'some factual basis from which [it] can determine if similarly situated potential plaintiffs exist.'" *Rogers v. HCA Health Servs. of Tenn., Inc.*, No. 3:09-cv-1173, 2013 WL 3224026, at *2 (M.D. Tenn. June 25, 2013) (quoting *Dietrich v. Liberty Square, L.L.C.*, 230 F.R.D. 574, 577 (N.D. Iowa Aug. 29, 2005)).

6

conversations, Ms. Amos learned that other Lincoln business managers also did not supervise more than one full-time employee and were – like Ms. Amos – expected to work in excess of 40 hours per workweek without being paid an overtime wage. Moreover, as Ms. Amos correctly notes, Lincolns Employee Handbook lists business managers as "supervisors" and provides that supervisors "are classified as exempt" from the provisions of the FLSA. (Docket No. 21 (Ex. A – Employee Handbook), pp. 10, 43.) At this stage in the proceedings, this modest factual showing is sufficient proof that Ms. Amos and other business managers suffered from the same allegedly unlawful pay policy – a misclassification of business managers as executives who were exempt from the provisions of the FLSA – and, therefore, meets the rather lenient standard governing conditional certification. *See, e.g.*, *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 767 (N.D. Ohio 2015).

Lincoln opposes conditional certification of this matter on the grounds that Ms. Amos "made no showing that any employees desire to join the suit," and "[a] plaintiff must do more than show the mere existence of other similarly situated persons . . . , because there is no guarantee that those persons will actually seek to join the lawsuit." (Docket No. 36, p. 6 (citing *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007).) Lincoln's argument, however, fails to recognize that "[t]he Sixth Circuit has never required evidence that others will opt in before the certification decision can be made," *Shipes v. Amurcon Corp.*, No. 10-14943, 2012 WL 995362, at *8–9 (E.D. Mich. Mar. 23, 2012), and that this court has repeatedly affirmed that no such requirement exists, *see, e.g.*, *Burgess v. Wesley Fin. Grp., LLC*, No. 3:16-cv-1655, 2017 WL 1021294, at *5 (M.D. Tenn. Mar. 16, 2017) (Trauger, J.).

Lincoln also argues that Ms. Amos's declaration consists of "vague and conclusory statements and does not provide any specific details" demonstrating that she has personal

7

knowledge of the payment policies applicable to other business managers. (Docket No. 36, p. 5.) Ms. Amos's statements that she personally visited and spoke with business managers at two additional Lincoln properties are not mere conclusory allegations, however, and they would be – on their own and as a matter of law – sufficient to support a finding that Ms. Amos and those other business managers are "similarly situated" to each other. *See, e.g.*, *Petersen v. Cleveland Inst. of Art*, No. 1:08-cv-1217, 2011 WL 1230267, at *3–4 (N.D. Ohio Mar. 30, 2011) (finding that a named plaintiff's statements regarding the pay policies applied to, and hours worked by, other employees are sufficient to support conditional certification when based on "[f]irst-hand experience" and personal observation). Moreover, Ms. Amos's statements regarding the experiences of other business managers are corroborated by Lincoln's own Employee Handbook, which purports to classify all business managers as supervisors who are exempt from the overtime provisions of the FLSA.

Finally, there is one issue regarding conditional certification that the parties have not discussed but that the court must address in the interests of justice and efficiency. The parties agree that Lincoln manages properties nationwide and, in light of the size of the company, Ms. Amos argues that there "are likely hundreds of potential plaintiffs who are similarly situated" to her. (Docket No. 29, p. 10.) Ms. Amos never explicitly states, however, that she seeks conditional certification of a nationwide class, nor does Lincoln seek to limit her proposed class to those business managers who work or have worked in the state of Tennessee. Nonetheless, even though Ms. Amos has made the modest showing required for conditional certification of a collective action of allegedly misclassified employees at Lincoln's *Tennessee* locations, she has provided the court with insufficient evidence that Lincoln misclassified employees in locations outside of Tennessee. Ms. Amos's knowledge of Lincoln's pay practices

8

appears to be limited to three locations in the Nashville area and does not extend to locations in the other states in which Lincoln operates. Ms. Amos has not alleged that she worked at any Lincoln property outside of Tennessee, nor has she presented a declaration from any current or former business manager at such a property. As this court has noted before, this lack of testimony regarding employment classification and overtime policies at out-of-state locations is generally fatal to a plaintiff's request for conditional certification of a companywide class. *See, e.g.*, *Ware v. T-Mobile USA*, 828 F. Supp. 2d 948, 954 (M.D. Tenn. 2011) (Trauger, J.); *Roberts v. Corr. Corp. of Am.*, No. 3:14-cv-2009, 2015 WL 3905088, at *14 (M.D. Tenn. June 25, 2015) (Trauger, J.). The evidence submitted by Ms. Amos, therefore, does not justify certification of a nationwide class, and the court will limit its conditional certification to business managers who were employed by Lincoln at its Tennessee locations.

## II. Notice to Potential Class Members

Courts have the authority to supervise the issuance of notice in FLSA collective actions, with the objective of "manag[ing] the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *See Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Ms. Amos has requested that the court exercise this authority to (1) require the defendants to provide her with the names, last known addresses, and email addresses of all individuals who worked as business managers for Lincoln since January 10, 2014, and (2) direct the issuance of her Proposed Notice and Consent Form – which includes a 90-day opt-in period – to all potential class members via U.S. mail. (Docket No. 28-1.) Lincoln did not address these requests or raise any objection to them in its Response. The court has reviewed and hereby approves Ms. Amos's Proposed Notice and Consent Form. (Docket Nos. 29-1 & 29-2.) The

9

plaintiff, therefore, shall issue the Notice and Consent Form to potential class members by U.S. mail, inserting only the necessary dates and correcting typographical errors.

### CONCLUSION

For the reasons stated herein, the Motion for Conditional Certification of a Collective Action (Docket No. 28) is **GRANTED IN PART AND DENIED IN PART**. The court conditionally certifies this matter as a collective action consisting of all individuals who, at any time since January 10, 2014, were employed as business managers at a property managed by Lincoln in Tennessee, and who did not direct the work of two or more full-time employees or the equivalent in at least one workweek.

The court further **ORDERS** that Lincoln shall provide the plaintiff with the names, last known mailing addresses, and email addresses of all putative class members within 14 days of the date of entry of this Order.

The court hereby **APPROVES** the Proposed Notice and Consent Form (Docket Nos. 29-1 & 29-2) filed by the plaintiff and, after the plaintiff has inserted the necessary dates, correctly defined the class, and corrected typographical errors contained therein, **ORDERS** that the Notice and Consent Form be issued to putative class members by U.S. Mail.

It is so **ORDERED**.

Enter this 7th day of July 2017.

_____
ALETA A. TRAUGER
United States District Judge